USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVIDENT TECHNOLOGIES, INC.,                    )
                                               )
            Plaintiff,                         )     Case No. 1:08-cv-10230-VM
                                               )
v.                                             )
                                               )     ECF Case
EVERSTAR MERCHANDISE CO., LTD.,                )
THE KROGER CO., FRED MEYER INC.,               )     STIPULATED
CHRISTMAS TREE SHOPS INC., and                 )     PROTECTIVE ORDER
NANTUCKET DISTRIBUTING CO., LTD.,              )
                                               )
            Defendants.                        ) .
EVERSTAR MERCHANDISE CO., LTD.,                )
                                               )
            Counterclaim-Plaintiff,            )
                                               )
v.                                             )
                                               )
EVIDENT TECHNOLOGIES, INC.,                    )
                                               )
            Counterclaim-Defendant.            )

THE PARTIES hereby stipulate, pursuant to Rule 26(c), Fed. R. Civ. P., that the
following Protective Order may be entered by the Court to govern this matter and discovery
therein.

1.    **Definitions.**

      (a)    "Document" is defined to be synonymous in meaning and equal in scope to the
definition of that term in Local Rule 26.3(c)(2) and Rule 34(a), Fed. R. Civ. P.

      (b)    "Counsel of Record" is any partner, member, associate or employee of the below-
noted firms representing the parties to this action.

      (c)    "Confidential" information shall mean information that constitutes or would
disclose information used by a party in, or pertaining to, its business, which material is not

available to the public, is treated confidentially by the party and has current competitive or economic value independent of this litigation.

2.    **Designation of Confidential Information.**

Any party may designate any pleading document, discovery response, deposition testimony, thing or portion thereof as "Confidential" if it in good faith believes that such portion would disclose information that is Confidential under the definition in subsection 1(c).

(a)    A document, *etc.* shall be so designated by placing the word "Confidential" on the page of the document believed to contain Confidential information and on the front page of the document in a manner so as to be easily visible.

(b)    Deposition testimony shall be so designated by counsel for any party by (i) indicating verbally and on the record at the time of the deposition, or, thereafter, in writing until the expiration of a period of twenty (20) days after the receipt of a final deposition transcript. Unless otherwise stated by the producing or disclosing party on the record at the deposition, a deposition and its transcript shall be treated as containing Confidential information until the expiration of the 20-day period referenced in this paragraph. For such time as any information or documents designated "Confidential" are disclosed in a deposition, the party whose information or documents are to be disclosed shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order.

(c)    A thing shall be so designated in writing in advance of any inspection thereof.

3.    **Restrictions on Disclosure and Use of Confidential Information.**

(a)    No person may disclose to another person or entity any information contained in or derived from any portion of documents, deposition testimony, or things designated by a party

2

to be Confidential in accordance with section 2 without prior written or on-the-record authorization from the party that made the designation unless:

     (i)    the recipient is a Counsel of Record;

     (ii)   the recipient is a court reporter undertaking his/her duties in a deposition or other examination relating to this matter;

     (iii)  the recipient is a contractor retained by a Counsel of Record in connection with the copying, storage, or processing of documents under the employ or supervision of Counsel of Record;

     (iv)  the recipient is a graphics consultant, jury consultant, translator, interpreter, or similar litigation service provider retained by a Counsel of Record, if said provider has signed an Undertaking to be bound by the terms of this Order in the form attached hereto as Exhibit A;

     (v)   the recipient is an expert (or a member of the expert's staff) retained by a Counsel of Record in connection with inspection, analysis, and/or formation of an opinion for testimony or negotiation of this matter and

     (A)  Is not otherwise currently, regularly or expecting to be employed by any party; and

     (B)  has signed an Undertaking to be bound by the terms of this Order in the form attached hereto as Exhibit A; and

     (C)  prior to disclosure of any documents or information designated "CONFIDENTIAL" any testifying expert, investigator, consulting expert or advisor pursuant to this paragraph, a copy of the executed Undertaking of Exhibit A (with a copy of such person's resume, biography or curriculum vitae attached) shall be served upon the producing party's counsel; and

3

(D)     the producing party has made no objection to the disclosure within seven (7) business days from the date of service of said executed Undertaking of Exhibit A, in which case no disclosure pursuant to this paragraph shall occur until the objection is resolved or the Court grants a motion permitting the disclosure.

(vi)     the recipient is an employee, officer or director of the party who designated the document, deposition transcript or thing as Confidential;

(vii)     the recipient is the author, is the addressee, is copied on, or is otherwise indicated to be a lawful recipient of the document as indicated by the document or its source; or

(viii)     the recipient is a Judge, Magistrate Judge, law clerk, clerk, or other employee of a court before which this matter is at that time pending.

(b)     No use shall be made of Confidential information by any recipient under subsection (a) except in connection with the administrative, judicial or private resolution of this matter.

(c)     Nothing herein shall prevent a person from disclosing or using information designated Confidential under this Stipulated Protective Order, but acquired by that person other than through production or disclosure in this matter. Nothing herein shall prevent a party from relying on any legal basis other than this Stipulated Protective Order in seeking to restrict such disclosure or use.

4.     **Advice of Counsel.**

Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from relying upon his or her examination of documents or things produced, including Confidential information in rendering advice to his or her client with respect to this matter. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not

4

disclose the content of any Confidential information, document, or thing identified as Confidential, unless the client is permitted to receive such information pursuant to subsections 3(a)(vi) or 3(c).

5.    **Disputes Regarding Confidential Designations.**

Any party may move for a ruling that a document or category of documents designated as Confidential is not entitled to such status and protection. The party who made the designation shall bear the burden of showing that the designation was warranted. Such a motion may be filed not less than five (5) days after the moving party serves a written request for modification upon the party who designated the information Confidential. An opposition to such a motion shall be filed within five days of service of the motion, or the motion shall be deemed granted.

6.    **Inadvertent Failure To Designate; Inadvertent Production.**

(a)    A party who inadvertently fails to designate a document or deposition testimony as Confidential does not thereby waive the right belatedly to do so, but the recipient of the information so inadvertently unmarked shall not suffer sanction for disclosure of the information prior to the date on which it receives actual notice of the confidential nature of the information. The parties agree to cooperate to minimize the publication of any inadvertently disclosed material. All copies of the inadvertently disclosed material shall be retrieved by Counsel of Record from any person who would not have been allowed access to it if it had been properly designated.

(b)    Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not, by that act alone, constitute a waiver of the immunity or privilege, provided that the producing party notifies the receiving party in writing by facsimile or e-mail, with confirmation by first-class mail, of such inadvertent production promptly upon

5

learning of same. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request. No use may be made of such documents subsequent to the request to return them except as determined by the Court. Nothing in this Order shall prevent any party from requesting that the Court order the production of any such inadvertently produced documents; however, the fact of the inadvertent production shall not be used as an argument that the attorney client privilege or other protections have been waived by the producing party. Nothing in this Order prevents any party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

7.    **Filing of Confidential Material.**

(a)    When a party in good faith believes that it is necessary to file documents containing Confidential information, it shall file such documents with the Confidential information redacted, and if the Confidential information is deemed material to the filing, it shall file such documents under seal or move to negate the designation of confidentiality under section 5.

(b)    If a document containing Confidential information is filed with the Court, the procedures provided by Section 6 of the Court's Electronic Case Filing Rules & Instructions shall be followed. Further, the document it shall be filed under seal in a sealed envelope noting the case caption and docket number and bearing the following notation on its cover and on each page containing such information:

A copy of this order shall be stapled to the outside of the sealed envelope.

**FILED UNDER SEAL
CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

6

(c)     Said envelope shall not be opened without further order of the Court except by the Court or counsel of record, who shall return the document to the Clerk in a sealed envelope or container. The Clerk of this Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to this paragraph.

## 8.     Procedure Upon Termination of the Action.

Upon termination of this action by agreement of the parties or by the passage of time beyond the last day for final appeal, the parties will, at the request and option of the party who designated the information Confidential, either destroy and certify it destroyed or return to the other party all documents and portions of deposition transcript containing Confidential information produced by the other party; provided, however, that work product, briefs and other court papers prepared for use in this matter need not be returned or destroyed, but may be retained only by the parties' Counsel of Record and, if so retained, shall be maintained as "Confidential" in accordance with the provisions of this Stipulated Protective Order other than this paragraph.

## 9.     Continuing Obligations of Confidentiality.

(a)     Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any Confidential information by itself shall relieve such person from the obligation of maintaining the confidentiality of such information, which shall continue for so long as the information is Confidential.

(b)     Neither the execution of this Stipulated Protective Order nor the designation or failure to designate any document, thing or item of information as Confidential by any party is any indication as to whether the document or information constitutes the proprietary intellectual

7

property of any party, including without limitation whether the document or information is protected from use by Copyright or patent protection or as a trade secret or otherwise.

(c)     Nothing herein shall modify, or in any way excuse any party from, any preexisting obligation to maintain the confidentiality of any information or document, whether or not that information or document is in fact designated as Confidential pursuant to this Stipulated Protective Order, except that such Confidential information and documents may be used disclosed in accordance with the provisions of sections 3 and 4.

10.    **Non-Party Discovery.**

In the event discovery is taken of any person not a party to the lawsuit, such person shall be provided with a copy of this Order and may avail itself of its protections by designating documents or other information in accordance herewith.

11.    **Modifications Hereto.**

The parties may, from time to time and without the need for approval by the Court, agree to additional terms under which Confidential information may be disclosed to others and shall promptly reduce any such additional agreements to writing.

12.    **Violations.**

The parties agree that violations of this Stipulated Protective Order may be subject to sanctions as this Court or other court with jurisdiction over the individual, may deem appropriate, which may include, without limitation, monetary fines or other sanctions for contempt of court, and damages sufficient to compensate the party whose Confidential information was improperly disclosed.

//

//

8

SO ORDERED, THIS 20th DAY OF February, 2009

New York, New York

VICTOR MARRERO
United States District Judge

DATED:  February 19, 2009

Respectfully Submitted,

Defendants
EVERSTAR MERCHANDISE CO., LTD.,
THE KROGER CO., FRED MEYER INC.,
CHRISTMAS TREE SHOPS INC. and
NANTUCKET DISTRIBUTING CO., LTD.
By its attorneys,

Plaintiff
EVIDENT TECHNOLOGIES, INC.
By its attorneys,

Joseph F. Nicholson (JN 7307)
Matthew E. Moersfelder (MM 0697)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
(212) 425-7200
jnicholson@kenyon.com
mmoersfelder@kenyon.com

Jonathan Hudis (JH 1993)
Barry Herman (Pro Hac Vice)
OBLON, SPIVAK, McCLELLAND,
   MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314
(703) 413-3000
jhudis@oblon.com
bherman@oblon.com

9

**Certificate of Service**

Pursuant to Rule 5(b)(2)(E), Fed. R. Civ. P., and by written consent of the parties, I

hereby certify that on the 19th day of February, 2009, I served the foregoing [PROPOSED]

**STIPULATED PROTECTIVE ORDER** via e-mail on the following counsel for Plaintiffs:

> Joseph F. Nicholson
> Matthew E. Moersfelder
> KENYON & KENYON LLP
> One Broadway
> New York, New York 10004
> jnicholson@kenyon.com
> mmoersfelder@kenyon.com

Jonathan Hudis (JH 1993)
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314
(703) 413-3000
Fax: (703) 413-2220
E-Mail: jhudis@oblon.com

Attorney for Defendants
EVERSTAR MERCHANDISE CO., LTD.,
THE KROGER CO., FRED MEYER INC.,
CHRISTMAS TREE SHOPS INC. and
NANTUCKET DISTRIBUTING CO., LTD.



**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVIDENT TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-10230-VM |
| ) | |
| v. ) | |
| ) | **ECF Case** |
| EVERSTAR MERCHANDISE CO., LTD., ) | |
| THE KROGER CO., FRED MEYER INC., ) | **UNDERTAKING** |
| CHRISTMAS TREE SHOPS INC., and ) | |
| NANTUCKET DISTRIBUTING CO., LTD., ) | |
| ) | |
| Defendants. ) | |
| EVERSTAR MERCHANDISE CO., LTD., ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EVIDENT TECHNOLOGIES, INC., ) | |
| ) | |
| Counterclaim-Defendant. ) | |

I, _____, declare that my address is

_____.   My   current   employer   is

_____. My current occupation is _____.

I have received a copy of the Stipulated Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Stipulated Protective Order.

I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any information marked CONFIDENTIAL that is disclosed to me.

Promptly upon termination of this action, I will return or destroy all materials containing information marked CONFIDENTIAL that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

Dated: _____, 2009

(Signature)

13